UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

JAMES CLINE,

        Plaintiff,

v.

ADMINISTRATOR,
NORTHERN STATE PRISON,

        Defendants.

Civil No. 09-6553 (SDW)

**MEMORANDUM OPINION AND ORDER**

IT APPEARING THAT:

1. On December 28, 2009, the Clerk received Plaintiff's submission unaccompanied by Plaintiff's filing fee or his *in forma pauperis* application. (*See* Pl.'s Compl.) The Clerk qualified the same as a civil complaint.

2. The submission asserts that Plaintiff James Cline ("JC") is being held as a civilly committed individual as a result of being confused for an individual named James Kevin Cline ("JKC"). (*Id.*) Specifically, Plaintiff's submission asserts that JKC committed numerous criminal offenses that involved sexual misconduct and, as a result, was sentenced to imprisonment. Upon expiration of such imprisonment, JKC was adjudicated into civil commitment as a sexually violent predator. (*Id.* at 2.) Plaintiff's submission also asserts that on June 5, 1995, JKC was admitted to and passed away at an unspecified hospital, on that same day. Plaintiff was admitted to the very same unspecified hospital for treatment of unspecified assault-based injuries. (*Id.* at 2-3.) Plaintiff asserts that unspecified representatives of the Sussex County Sheriff's

Department took custody of Plaintiff assuming that he was JKC and substituted Plaintiff's information for that of JKC, consequently causing Plaintiff to be civilly committed from June, 1995 until the present under the identity of JKC.   (*Id.* at 3.)

4. However, Plaintiff fails to identify the representatives of the Sussex County Sheriff's Department that allegedly substituted Plaintiff for JKC or how the alleged substitution took place.   Plaintiff also does not explain why the state administrative officials, the prosecutors, or the public defenders did not engage in the process of determining Plaintiff's correct identity.   Furthermore, this Court notes the Supreme Court of New Jersey denied certification in the matter, *State v. Cline*, 152 N.J. 365 (1997), where the name of the appellant was "James K. Cline."   Since the Supreme Court of New Jersey's decision was rendered after the alleged substitution of Plaintiff for JKC on June 5, 1995, it appears that the Supreme Court of New Jersey and its lower courts have already addressed and rejected Plaintiff's challenge based on the alleged substitution.   Therefore, this Court questions the plausibility of Plaintiff's assertions.

5. Nevertheless, the Court cannot rule out the possibility that Plaintiff's allegations might be reflective of the truth, and Plaintiff's fifteen year plight might have inexplicably escaped the attention of state officials and even the state courts.[1]

> [A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible . . . . [I]mprobable allegations [should not be] dismiss[ed] as frivolous without any factual development [since, to do so, would be] to disregard the age-old insight that many allegations might be "strange, but true; for truth is always strange, [s]tranger than fiction."

---

[1] The Court's research of the federal proceedings in this District located three actions initiated by JKC, but these actions were initiated prior to the alleged demise of JKC in June of 1995.   Therefore, the Court finds it improper to relate these matters to Plaintiff.

2

*Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

6. However, the Court cannot allow this matter to proceed as a civil rights action because Plaintiff seeks identity-establishing proceedings, such as a comparison of his fingerprints with those of JKC and survey of witnesses who personally know Plaintiff or personally knew JKC. (Pl. Compl. at 3-5.) The Court also finds it unsuitable for habeas jurisdiction.

7. The Court concludes that the instant matter would be best qualified as an application for a writ under the All Writs Act based on JC's request to enjoin his future civil (re-)commitment proceedings. The All Writs Act provides a district court with the jurisdiction and the authority to enjoin state court proceedings where it is "necessary or appropriate in aid of [its] jurisdiction and agreeable to the usages and principles of law." 28 U.S.C. § 1657. The Act is intended to work in concert with the Anti-Injunction Act, which provides that "[a] court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283; *see also In re Gen. Motors Corp. Pick-Up Truck Fuel Tank Prods. Liab. Litig.*, 134 F.3d 133, 143 (3d Cir. 1998). Here, Plaintiff seeks release from confinement through identity-establishing proceedings. Such release can only be obtained from this Court through a petition for writ of habeas corpus. Habeas relief may be granted to JC only upon finding that he is in custody in violation of the United States Constitution or federal laws. 28 U.S.C. § 2241. Such a finding cannot

3

be made and habeas jurisdiction cannot be exercised unless the Court satisfies itself as to the reliability of evidence establishing that JC and JKC are not the same person.

IT IS on this 4th day of May , 2010,

ORDERED that the Clerk shall administratively terminate this matter without filing the complaint or assessing a filing fee; and it is further

ORDERED that the Clerk shall open a new and separate matter for Plaintiff designating "JAMES CLINE" as "Petitioner" and "ATTORNEY GENERAL FOR THE STATE OF NEW JERSEY" as "Respondent," and "Cause: 28:1657 Petition for Writ Under All Writs Act" and "Nature of Suit: 540 Mandamus & Other," and "Jurisdiction: U.S. Government Defendant"; and it is further

ORDERED that the Clerk shall docket Plaintiff's instant complaint in this newly opened matter titling such docket entry "PETITION FOR A WRIT"; and it is further

ORDERED that the Clerk shall docket this Memorandum Order and Opinion in the instant matter and in the newly opened matter; and it is further

ORDERED that the Clerk shall serve copies of this Memorandum Order and Opinion and the docket sheet of this newly opened matter upon Plaintiff by regular U.S. mail; and it is further

ORDERED that the Clerk shall serve copies of this Memorandum Order and Opinion, the docket sheet of this newly opened matter and Plaintiff's instant complaint upon the Attorney General for the State of New Jersey; such service shall be executed by certified mail, return receipt requested, and by means of electronic delivery; and it is further

4

ORDERED that, within 45 days from the date of entry of this Memorandum Opinion and Order, Attorney General for the State of New Jersey shall show cause as to why the writ shall not be granted by electronically filing responsive papers in the newly open matter; and it is further

ORDERED that such responsive papers shall include a detailed memorandum of facts regarding Plaintiff's identity, including any evidentiary and/or legal proceedings addressing Plaintiff's identity taken administratively or through judicial proceedings, and the results thereof. The responsive papers shall be accompanied by true and correct copies of all relevant records, which shall be filed electronically.

    s/ Susan D. Wigenton
**Susan D. Wigenton, U.S.D.J.**